# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-40051-JAR |
| v. ) | |
| ) | |
| TERRY L. WOOD, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

On August 26, 2013, Defendant Terry L. Wood entered a plea of guilty to one count of possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); and one count of using or maintaining a place for the purpose of distributing methamphetamine, within 1,000 feet of an elementary school, in violation of 21 U.S.C. §§ 856(a)(1) and 860. The plea agreement included a cooperation provision.

At the time of Wood's sentencing, the Guidelines as applied to Wood provided for a base offense level of 38, a two-level increase for maintaining a premise for the purpose of distributing a controlled substance, a three-level decrease for acceptance of responsibility, a criminal history category of VI, and a resulting advisory Guidelines range of 360 months to life imprisonment.[1] Wood provided law enforcement officials with several debriefings and intelligence and the government filed a U.S.S.G. § 5K1.1 motion recommending that Wood be sentenced to a term of 240 months' imprisonment, a 33% reduction from his Guidelines sentence.[2] After the first motion was filed, Wood provided additional assistance resulting in a guilty plea in a related case,

---

[1] Presentence Investigation Report ("PSIR"), Doc. 25 at 19.

[2] Doc. 31.

and the government filed a second § 5K1.1 motion recommending 180 months' imprisonment, a 50% reduction from his Guidelines sentence.³ The Court granted the government's motion and sentenced Wood to 180 months' imprisonment.⁴

This matter is before the Court on Wood's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 51) in which he asks the Court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines that took effect on November 1, 2014, and lowers the base offense levels in the Drug Quantity Table. Under the amended Guidelines, Wood's base offense level for the same drug quantities is 36, his total offense level is 35, and the corresponding applicable Guidelines range is now 292-365 months. Wood seeks a reduction of his sentence to 146 months, using the same 50% departure for substantial assistance applied at the original sentencing, and the government has filed a response in opposition (Doc. 54). As explained in detail below, Wood's motion is denied.

### *Section 3582(c)(2) and its Relevant Policy Statement*

Following the Supreme Court's decision in *Dillon v. United States*,⁵ the Tenth Circuit has recognized that

> [section] 3582(c)(2) prescribes a two-step inquiry for determining whether a defendant is entitled to have his originally-imposed sentence reduced: the first question, a matter of law, is whether a sentence reduction is even *authorized*; the second question, a matter of discretion, is whether an authorized reduction is in fact *warranted*.⁶

---

³Doc. 44.

⁴Doc. 47.

⁵560 U.S. 817 (2010).

⁶*United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) (emphasis in original).

The government does not dispute that a sentence reduction is authorized in this case; thus, only the second question is at issue here.  In determining whether a sentence reduction is warranted, the district court must "consider the § 3553(a) sentencing factors, including the nature, seriousness, and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the defendant, and any threat to public safety."[7]  In addition, a court must determine whether granting a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," namely, § 1B1.10.[8]  To determine the extent of a reduction in the defendant's term of imprisonment under § 3582(c)(2), the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment[ ] . . . had been in effect at the time the defendant was sentenced."[9]  The Tenth Circuit recently clarified that the district court is not required to explicitly reject every nonfrivolous, material argument raised by the defendant in a § 3582(c) proceeding, including policy-based arguments.[10]

Under § 1B1.10(b)(2)(A), district courts in § 3582(c)(2) proceedings are generally prohibited from reducing the defendant's sentence to a term that is less than the bottom end of his amended guidelines range.[11]  A limited exception to that general bottom-end restriction is found at Section 1B1.10(b)(2)(B), titled "Exception for Substantial Assistance," which states:

> If the term of imprisonment imposed was less than the term of

---

[7] *United States v. Meridyth*, 573 F. App'x 791, 794 (10th Cir 2014) (citations omitted).

[8] 18 U.S.C. § 3582(c)(2).

[9] U.S.S.G. § 1B1.10(b)(1).

[10] *United States v Verdin-Garcia*, —F.3d—, 2016 WL 3126204, at *3 (10th Cir. June 3, 2016).

[11] *Id.* § 1B1.10(b)(2)(A).

> imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range . . . may be appropriate.[12]

Expressly included within this limited exception are only government substantial assistance motions under U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), and Rule 35(b) of the Federal Rules of Criminal Procedure.[13] Downward variances are not included in this exception.[14]

Thus, where the district court previously departed downward from the defendant's original advisory range under § 5K1.1 due to the defendant's substantial assistance to the government, the court in a § 3582(c)(2) proceeding "*may*" depart downward from the defendant's amended guidelines range to a degree comparable to the original § 5K1.1 departure.[15] The Application Notes to § 1B1.10 state that "the sentencing court has the discretion to determine whether, and to what extent, to reduce a term of imprisonment under this section." The Eleventh Circuit has recently held that if the district court chooses to exercise its discretion and make a comparable reduction, the court is not bound by any one specific method to calculate the reduction, so long as the method results in a comparable reduction.[16]

---

[12]*Id.* § 1B1.10(b)(2)(B).

[13]*See id.* § 1B1.10 cmt. n. 3.

[14]*See* U.S.S.G. § 1B1.10(b)(2)(B).

[15]*Id.*

[16]*United States v. Marroquin-Medina*, 817 F.3d 1285, 1292–93 (11th Cir. 2016).

*Application to Defendant's Motion*

The reduced range being 292 to 365 months' imprisonment, Wood urges the Court to exercise its discretion and employ the 50% reduction used at his original sentencing; the government urges the Court to decline any further reduction at all. Neither party, however, offers particularly relevant or helpful analysis for the Court. Wood offers extensive data-driven policy arguments regarding recidivism for long-term drug dealers and increased prison population pressure, without particularizing these arguments to Wood's circumstances. Similarly, the government contends that the 180-month sentence was calculated at a time when the impending two-level reduction afforded by Amendment 782 was known to the parties and considered in the government's sentencing recommendation; however, there is nothing in either of the § 5K1.1 motions or the parties' statements to the Court at sentencing to support or verify this claim that a two-level deduction was contemplated in the recommendation. The Court thus considers the relevant § 3553(a) factors for a sentence reduction as supported by the PSIR and its findings at sentencing.

In determining whether a reduction is warranted, the Tenth Circuit has held a district court "shall consider" the § 3553(a) sentencing factors, including the nature, seriousness, and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the defendant, and any threat to public safety.[17] While not mandatory, a district court may also consider a defendant's post-sentencing conduct.[18] The Court gives significant weight to the history and characteristics of Wood. There is little dispute

---

[17]*United States v. Osborn*, 679 F.3d 1193, 1195–96 (10th Cir. 2012) (relying on § 1B1.10(a)(1) cmt. n.1(B) and 18 U.S.C. § 3553(a)).

[18]*Id.*

that Wood is a career drug dealer and serial recidivist, as reflected by his criminal history category VI.  Wood's extensive criminal history reveals that he engaged in a pattern of criminal conduct his entire adult life, including distribution and manufacture of large quantities of narcotics and certain violent acts.  Further, given Wood's propensity for recidivism, there is a need for his sentence to promote respect for the law, provide adequate deterrence, and protect the public.  The Court also gives significant weight to the seriousness of the offense, which carried a statutory mandatory minimum sentence of 240 months.  In light of the factors set forth in § 3553(a) and the reasons set forth above and at the original sentencing in September 2014, the Court finds that a sentence of 180 months in prison is sufficient but not greater than necessary to meet the sentencing factors set forth in § 3553(a).  Accordingly, the Court declines to reduce Wood's sentence.[19]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Terry Wood's Motion for Sentence Reduction (Doc. 51) is DENIED.

**IT IS SO ORDERED.**

Dated: June 8, 2016

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE

---

[19]Moreover, as recently noted by Judge Vratil, further reduction under Amendment 782 for cooperators such as Wood who received relief from the statutory minimum based on the substantial assistance provision of § 3553(e) may lead to an exaggerated evaluation of a defendant's cooperation: if the court grants cooperators further relief under § 3582(c), it would be expanding the statutory exception in § 3553(e) to include a further variance unrelated to defendant's cooperation.  While authorized by the Sentencing Commission, Judge Vratil believes that any further reduction for cooperating defendants should be granted "sparingly in light of the other sentencing factors under Section 3553(a)."  *See United States v. Smith*, No. 12-20066-KHV, 2016 WL 2958453, at *3 (D. Kan. May 23, 2016); *United States v. Kelley*, No. 10-20076-KHV, 2016 WL 408917, at *8–9 (D. Kan. Feb. 3, 2016) (collecting cases).